MACON AND BRUNSWICK RAILROAD COMPANY, plaintiff in error, *vs.* THE STATE OF GEORGIA, *ex rel.* JOHN H. PATE, defendant in error.

Justices of the Peace have not jurisdiction, under the provisions of the 4023 section of the Code, to abate as a nuisance a bridge constructed by a railroad company over a navigable stream.

Nuisance.   Justices of the Peace.   Jurisdiction.   Rivers. Railroads.   Before Judge COLE.   Pulaski County.   At Chambers.   December 26th, 1872.

For the facts of this case, see the decision.

WHITTLE & GUSTIN, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This was an application made by Pate, as relator in behalf of the State, to two Justices of the Peace in Pulaski county, to have a bridge, constructed and maintained by the Macon and Brunswick Railroad Company, across the Ocmulgee river in said county abated as a public nuisance, alleging that said river is a public highway and navigable stream, and that said bridge tends to the immediate annoyance of the citizens in general, as it is an insufferable barrier and obstruction to the navigation and use of said· river.   When the case was called before the Justices, the defendant demurred to their jurisdiction to abate the nuisance, as prayed for, which demurrer was sustained.   The plaintiff sued out a *certiorari* and brought the case before the Superior Court, and upon the hearing thereof, it sustained the *certiorari* and remanded the case back to the Justices with instructions to submit the question of nuisance to twelve freeholders, according to the provisions of the 4023d section of the Code ; to which ruling of the Court the defendant excepted.   The question made in this record is, whether the two Justices of the Peace had the power and au-

thority, under the law, to abate the nuisance complained of, under the provisions of the 4023d section of the Code. The nuisance complained of does not tend to the immediate annoyance of the citizens in general, because it is manifestly injurious to the public health and safety, or because it tends greatly to corrupt the manners and morals of the people, but it is the alleged obstruction of a navigable river by the erection and maintenance of a railroad bridge by a chartered corporation of this State. In our judgment, the Justices of the Peace did not have jurisdiction and authority to abate the nuisance complained of, as provided in the 4023d section of the Code, the same not being such a nuisance as is contemplated by that section, or embraced within it: See *South Carolina Railroad Company vs. Moore & Philpot*, 24 *Georgia Reports*, 418.

Let the judgment of the Court below be reversed.